UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEMETRIUS TATE, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:17-CV-667-PPS-MGG |
| WARDEN, | ) |
| Respondent. | ) |

OPINION AND ORDER

Demetrius Tate, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a disciplinary hearing officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction Policy B-202. ECF 2 at 1. As a result, he was sanctioned with a one-step demotion in credit class. *Id*. This means he will accrue good time credit at a slower rate. The Warden has filed the administrative record. Tate has not filed a traverse and the time to do so has passed. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Tate first argues that the hearing officer did not have sufficient evidence to find him guilty of possessing a controlled substance in violation of offense B-202. ECF 2 at 3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). This is an exceedingly modest standard of review. Indeed, the Seventh Circuit has said that "even meager proof will suffice." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Tate was found guilty of violating IDOC offense B-202 which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

The Conduct Report charged Tate as follows:

> On the above date and approximate time, I, Officer Reed, while conducting an ERO shakedown found a hand rolled cigarette, commonly used to smoke controlled substances on Offender Tate, Demetrius #205936 mattress.

ECF 10-1 at 1.

In assessing the evidence, the hearing officer determined there was sufficient evidence in the record to find Tate guilty of possession or use of a controlled substance in violation of offense B-202. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Reed detailed the fact he found a hand rolled cigarette on Tate's mattress after conducting a shakedown of his cell. ECF 10-1 at 1. These are typically used to smoke controlled substances. *Id.* A photograph taken shortly after the discovery of the contraband corroborated the conduct report. ECF 10-3 at 1. Furthermore, an internal investigation identified the hand rolled cigarette that Tate had in his possession as constituting a "look-a-like" controlled substance under offense B-202. ECF 10 at 7, 12 at 1.

Notably, Tate does not dispute that he possessed the "look-a-like" substance that appeared to be an illegal substance. Given the discovery of the hand rolled cigarette on Tate's mattress in his cell, photographic evidence documenting the cigarette, and an internal investigation identifying the cigarette as a "look-a-like" substance, there was more than "some evidence" for the hearing officer to find Tate guilty of offense B-202. Because the hand rolled cigarette looked like and was consistent with an illegal

3

controlled substance, it was neither arbitrary nor unreasonable to find Tate guilty. Therefore, this ground does not identify a basis for granting habeas corpus relief.

Tate also contends that his due process rights were violated because he was denied an impartial hearing. ECF 2 at 2. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

There is no evidence to support Tate's contention that the hearing officer was biased against him or that he did not have an impartial hearing. Tate has not shown that the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Id*. Therefore, this ground does not identify a basis for granting habeas corpus relief.

Tate also asserts that his due process rights were violated because prison officials did not test the confiscated hand rolled cigarette. ECF 2 at 2. However, the prison's refusal to test the contraband did not violate Tate's due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 566.

4

While prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 F. App'x 889, 890-91 (10th Cir. 2006); and *Arthur v. Ayers*, 43 F. App'x 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Here, internal investigators identified the papers inside the hand rolled cigarette as consistent with chemical-laced papers and the wrapped brown rolling paper used to make the cigarette was consistent with smoking the substance. ECF 10 at 6, 12 at 1. Because investigators determined the substance was a "look-a-like" controlled substance, it did not meet the criteria for testing. Therefore, this ground does not identify a basis for habeas corpus relief either.

Tate finally claims that he is entitled to habeas corpus relief on the basis that prison officials allegedly falsified state documents, including the conduct report. ECF 2 at 3. It is certainly true that "prisoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. But there is simply no evidence that prison officials falsified state documents. The only thing that Tate points to is the fact that the confiscated substance was never tested. I've already addressed that issue and nothing more needs to be said about it.

If Tate wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of*

5

*Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, Demetrius Tate's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.


ENTERED: November 26, 2018.

                                         /s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT